# Application of the Federal Bribery Statute to Civilian Aides to the Secretary of the Army

A Civilian Aide to the Secretary of the Army is a public official who is barred by 18 U.S.C. § 201(c) from receiving anything of value because of an official action taken.

July 12, 1989

MEMEORANDUM OPINION FOR THE GENERAL COUNSEL
DEPARTMENT OF THE ARMY

This letter responds to your Office's request for an opinion on whether the federal bribery statute, 18 U.S.C. § 201(c), applies when a Civilian Aide to the Secretary of the Army receives an offer for reimbursement of expenses incurred in the discharge of Civilian Aide duties.[1]

We agree, based on the statement of facts in the Army Letter, that it was reasonable for the Army to conclude that the Civilian Aide should not accept the offer for reimbursement from the private, non-profit foundation for these services. Although there may be instances in which the conduct of a Civilian Aide could give rise to a prosecution under section 201(c), we do not believe that it would be useful or appropriate to speculate now regarding the legality of future cases that may raise similar issues. Our reasons for these conclusions are set forth below.

## I. Background

A Civilian Aide is a private citizen appointed by the Secretary of the Army to represent the civilian community. Army Regulation 1-15, *Civilian Aides to the Secretary of the Army*. Civilian Aides serve without salary or other compensation by the federal government, although they may receive reimbursement for certain travel expenses. A private, non-profit foundation offered to pay the expenses incurred by one of these Civilian Aides in the discharge of her official duties, including the cost of any secretarial services needed in the future.[2] Your Office advised the Civilian Aide to decline the offer because of your concern that the con-

---

[1] Letter for Mr Douglas W Kmiec, Acting Assistant Attorney General, Office of Legal Counsel, from Darrell L. Peck, Acting General Counsel, Department of the Army (July 8, 1988) ("Army Letter")
[2] Army Letter at 1.

tribution might be prohibited by 18 U.S.C. § 201(c). You have sought guidance about what to do if this situation arises again.

## II. Analysis

Section 201(c)(1)(B) of the federal bribery statute subjects to criminal liability "[w]hoever — otherwise than as provided by law for the proper discharge of official duty — being a public official, ... directly or indirectly ... accepts, or agrees to receive or accept anything of value personally for or because of any official act performed or to be performed by such official or person." The requirements for criminal liability under this provision are three-fold: (1) the person must be a "public official"; (2) that official must accept or agree to receive anything of value; and (3) the thing of value must be given for or because of any official act by such official.

### A. Public official

We believe that a Civilian Aide would be considered a "public official" under the statute. Section 201(a) defines a "public official," in relevant part, as a "person acting for or on behalf of the United States, or any department ... of Government thereof ... in any official function, under or by authority of any such department." Civilian Aides act on behalf of and by the authority of the Department of the Army. The Supreme Court has enforced a broad construction of the "public official" provision, "agreeing with the Government" that section 201 is a comprehensive statute aimed at all who act on behalf of the government. *Dixson v. United States*, 465 U.S. 482, 496 (1984). The *Dixson* court stated:

> To determine whether any particular individual falls within this category, the proper inquiry is not simply whether the person had signed a contract with the United States or agreed to serve as the Government's agent, but rather whether the person occupies a position of public trust with official federal responsibilities. Persons who hold such positions are public officials within the meaning of § 201 and liable for prosecution under the federal bribery statute.

*Id.* In *Dixson*, the Court held that the term included "officers of a private, nonprofit corporation administering and expending federal community development block grants" because, as administrators of the subgrant, they were responsible for a program that distributed federal funds according to federal guidelines. *Id.* at 497.[3] As the *Dixson* court noted,

---

[3] *See also United States v Kirby*, 587 F 2d 876 (7th Cir. 1978) (grain inspector employed by private company but licensed by USDA was public official); *United States v Gallegos*, 510 F Supp. 1112 (D N.M. Continued

since the original enactment of the bribery law in 1853 Congress has enacted successive statutes using "broad jurisdictional language," *id.* at 491, and in keeping with this intent, the courts have broadly interpreted the phrase "person acting for or on behalf of the United States." *Id.* at 492.

Although Civilian Aides are not federal employees, Army Regulation 1-15, § 5(b), they perform numerous functions that would appear to meet the test of "acting for or on behalf of the United States." *See, e.g.*, Army Regulation 1-15, § 4(d) (responsibility to provide "individual advice" to the Secretary of the Army and others about public attitudes towards the Army, to develop programs to attain maximum understanding and cooperation between the civilian community and the Army, and to disseminate information to the public about the Army's objectives); *id.* § 13 (travel as Civilian Aide paid for by government as official travel); *id.* § 10 (detailing Civilian Aides' access to classified information); *id.* § 11 (same). This Office previously has considered the duties and responsibilities of the Civilian Aides in determining whether such aides were subject to the Emoluments Clause of the Constitution. In that opinion, we noted that

> the United States reposes great trust in the Aides, and relies upon them to perform various duties that further the national defense.
>
> These same attributes — the reposing of trust, the necessity of undivided loyalty to the United States, the importance of the task performed by those who hold the office, personalized selection and access to classified information — characterize the "office of trust" for purposes of the Emoluments Clause .... We have no difficulty concluding, therefore, that the position of Civilian Aide to the Secretary of the Army is an "Office of Trust" under the United States for purpose of the Emoluments Clause.[4]

In keeping with this view and consistent with the *Dixson* decision, we believe that Civilian Aides should be considered "public officials" for purposes of 18 U.S.C. § 201.

---

[3] (. continued)
1981) (employee of state government who worked under direct supervision of federal official in administration of federal program was public official), *United States v. Griffin*, 401 F. Supp 1222 (S D. Ind 1975), *aff'd without opinion sub nom United States v Metro Management Corp.*, 541 F 2d 284 (7th Cir 1976) (employee of a private company who acted as independent contractor for HUD was public official); S. Rep No 2213, 87th Cong., 2d Sess. 8 (1962) (term "include[s] officers and employees of the three branches of government, jurors, and other persons carrying on activities for or on behalf of the Government").

[4] Memorandum for James H. Thessin, Assistant Legal Adviser for Management, Department of State, from John O. McGinnis, Deputy Assistant Attorney General, Office of Legal Counsel, *Re. Application of the Emoluments Clause to a Civilian Aide to the Secretary of the Army* (Aug. 29, 1988) (citations and footnotes omitted).

## B. *Thing of value*

The second requirement of criminal liability is that the Civilian Aide receive "anything of value." This requirement appears not to have been frequently litigated. Based on existing case law, however, we believe that items such as the reimbursement expenses you describe for prior expenses incurred by the Civilian Aide and future secretarial services probably would meet the statute's test. *See, e.g., United States v. Biaggi*, 853 F.2d 89 (2d Cir. 1988) (finding vacation expenses provided to Congressman to be a thing "of value"), *cert. denied*, 489 U.S. 1052 (1989); *United States v. Gorman*, 807 F.2d 1299 (6th Cir. 1986) (finding future employment promised by a third party to be a thing "of value"), *cert. denied*, 484 U.S. 815 (1987).

## C. *Received for an official act*

The legislative history of the 1962 formulation of this provision, which has remained substantially unchanged, states that "[t]he term 'official act' is defined to include any decision or action taken by a public official in his capacity as such." S. Rep. No. 2213, 87th Cong., 2d Sess. 8 (1962). One court has held that the mere use by a public official of the status of his office is sufficient to warrant liability under the statute. *See, e.g., United States v. Biaggi*, 853 F.2d at 98 (noting that congressman's "invocation of his position and of congressional interest in his intercession with others on behalf of a constituent" is to be considered an official act). Absent particular facts, it is difficult to postulate the circumstances under which something of value would be deemed to be given because of an official act by a Civilian Aide.[5] However, given the apparent breadth of the *Biaggi* court's holding and our conclusion that Civilian Aides are public officials, we recommend that you caution the Civilian Aides to discuss with your Department any offer of funds or other assistance that they receive from a third party.

## III. Conclusion

We believe that a Civilian Aide is a public official who is barred by 18 U.S.C. § 201(c) from receiving anything of value because of an official action taken. Whether this Department would prosecute a case of this type would depend upon the particular facts and circumstances.

We reiterate that we believe your advice to the Civilian Aide in the circumstances you described was appropriate and consistent with the Army

---

[5] For example, unless we were to interview officials at the private foundation that made the offer to the Civilian Aide in your example, we would not be able to judge whether the offer was made because of longstanding friendship with the particular Civilian Aide, because of disinterested community spirit and pride in her success, or because of a corrupt motive

Regulation's direction that Civilian Aides "avoid any situation producing an actual or apparent conflict" of interest between their private lives and their roles as Civilian Aides.[6] Should this problem arise again, we invite you to consult with us or with the Public Integrity Section of the Criminal Division.

WILLIAM P. BARR
*Assistant Attorney General*
*Office of Legal Counsel*

---

[6] Army Regulation 1-15, § 6(a)